By the Court. Emmett, J.
The plaintiff Beman being the owner of a lease of the store, Ho. 1, Astor House, for five years from 1st May, 1849, occupied by his wife for the sale of shirts, dressing-gowns, &c., made on the 3d of February, 1851, an agreement in writing with the defendant Green, signed by both of them, in consideration of the premises therein mentioned, to sell to Green the fixtures, furniture, goods, and good will, and his right to the lease of said store. In the agreement, it was in terms mutually understood and agreed, that Beman reserved to himself and wife, or her representatives, the free and uninterrupted access to the store from that date until the 1st of May following, to receive her own customers, or such persons as might come to the store for the purpose of giving her orders for morning-gowns, shirts, &c.; that he, Beman, should have the use and occupation of so much of the room of the store during business hours as might be reasonably necessary for the transaction of the business aforesaid, with as little inconvenience to Green as possible; and that, to prevent doubts or misunderstandings on that point, the irregular counter on the Y esey Street side was by both parties mutually assigned to Mrs. Be-man, with the use of the small show-case. Green, in consideration of the premises, agreed to pay Beman such sum of money as should be mutually agreed upon by them on a fair valuation, and in case of disagreement between them, the same should be left to appraisement, &c.
On the 10th February, the parties having settled that $2,703 44 was the sum to be paid by Green to Beman, a bill of sale, in consideration of that sum, was executed by Beman to Green, of all Ms right, title, and interest in the lease and good-will of the premises, Ho. 1, Astor House, and also to all the stock in trade and fixtures contained in said store (described in a schedule annexed), with a covenant of warranty of the property against all and every person and persons whomsoever, and Green paid Beman the above-named consideration.
On the 11th of February, Green had the lease to Beman can- *384 celled, and took a new lease from Mr. Astor, the landlord, for 3 years and 3 months, from the 1st of February, 1851. Mrs." Be-man remained in the occupation of the part of the store which had been appropriated for her use until the 12th of April following, on which day Green ordered her to leave the store, and on her refusal brought the defendant Radford, a police officer, and directed him to put her out; Radford for that purpose laid his hands upon her and endeavored- to eject her, and after some resistance and struggling on her part, she left the store.
The action was .brought for this alleged wrong and violence.
The foregoing is a sufficient statement of the facts of the case for the consideration of the question whether a new trial should be granted for misdirection in the" law.
According to the printed case submitted to the court, the judge declined expressing any opinion to the jury as to the rights of the plaintiffs under the agreement of the 3d of Feby., 1851, regarding that agreement as a subject for a different suit, but immediately after did charge them that the plaintiffs, under that very agreement of the 3d of February, had only a license and nothing more, and that the defendant Green had a right to revoke the license at his pleasure, and at any time, on giving reasonable notice to the plaintiffs, and that after he had given such notice to the plaintiffs, and revoked that license, the plaintiffs had no right to occupy the store or any part of it, and that the only question for the jury to consider was whether the defendant Green gave reasonable notice to the plaintiffs to remove, and if so, and the defendants did not use more force than was necessary to remove the plaintiffs, then the defendants were entitled to their verdict.
If that statement of the charge be correct, the judge took no notice whatever of the bill of sale of the 10th of February, but held that the agreement of the 3d of February contained in itself nothing more than a license from the defendant Green, which he had a right to revoke at pleasure. It may be, however, that the judge was misunderstood, and that he intended to charge in effect that the agreement of the 3d of February was superseded and rendered inoperative by the subsequent bill of sale, and that the plaintiffs, after the execution of the latter, were in possession by the mere license of the defendant Green.
*385 It is enough for the purposes of this motion, that the court does not assent to either of those views' of the law, and that the chárge of the judge, as contained in the case, is considered a sufficient ground for ordering a new trial, and the court is not less inclined to adopt this course, because the defendant Green resorted to no legal proceeding to turn the plaintiffs out of possession, but availed himself of the aid of a police officer, whose presence might have been proper enough to prevent a breach of the peace, but not, as a minister of the law, to turn a party out of possession by even the slightest exercise of force, blew trial ordered, costs to abide the event.